IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. METRO, | ) | CIVIL DIVISION |
| | ) | |
| PLAINTIFF, | ) | CA #02-CV-2800 |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| CONSOLIDATED RAIL CORPORATION, AND NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANTS. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW COME Defendants, Consolidated Rail Corporation and Norfolk Southern Railway Company, by and through their attorneys Burns, White & Hickton and states as follows:

### FIRST DEFENSE

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 1, hence all averments are denied.

2. The averments of Paragraph 2 are admitted as to residence.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted to the extent that Consolidated Rail Corporation was a common carrier by rail between the period of April 1, 1976, to June 1, 1999. Subsequent to June 1, 1999, Consolidated Rail Corporation did not conduct any railroad operations and/or any business,

1

whatsoever, in any area other than the Detroit Metropolitan area and the Northern New Jersey and Southern New Jersey-Philadelphia areas.  By way of further response to Paragraph 3, it is specifically denied that Norfolk Southern Railway Company is a successor-in-interest and/or liability to any other entity.

    4.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 4.  Said allegations are denied.

    5.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 5.  Said allegations are denied.

    6.   The averments contained in Paragraph 6 of Plaintiff's Complaint are denied.

    7.   The averments contained in Paragraph 7 of Plaintiff's Complaint are denied.

    8.   The averments contained in Paragraph 8 of Plaintiff's Complaint, through and including subparagraphs (a) - (l) are denied.

    9.   All of the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

    WHEREFORE, Defendants, Consolidated Rail Corporation and Norfolk Southern Railway Company, demands judgment against the Plaintiff.

## SECOND DEFENSE

    10.  Defendants, believe and therefore aver, that all

of Plaintiff's claims are barred by applicable statutes of limitation. Accordingly, Defendants hereby plead all applicable statutes of limitation as a complete bar to the entirety of Plaintiffs' claims.

### THIRD DEFENSE

11. So far as applicable, Defendants hereby plead any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that Plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### FOURTH DEFENSE

12. Defendants plead all provisions of the Regional Rail Reorganization Act as a complete bar to the direct liability of these Defendants.

### FIFTH DEFENSE

13. While denying that Plaintiff sustained the injuries and/or damages as alleged, if it would ultimately be proven that Plaintiff did sustain the damages and/or injuries in the fashion alleged, Defendants believe and therefore aver that Plaintiff's own contributory negligence may have and/or did contribute, in a substantial way, to the happening and/or occurrence of the alleged injuries. And, accordingly, Defendants plead Plaintiff's contributory negligence in diminution of any award Plaintiff may

ultimately receive.

## SIXTH DEFENSE

14. While denying that Plaintiff sustained the damages as alleged, Defendants believe and therefore aver that any damages Plaintiff may ultimately be entitled to recover from these Defendants may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically annunciated therein. Accordingly, in the event said act is applicable, all sections of Plaintiff's Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of Plaintiff's Complaint should be stricken.

## SEVENTH DEFENSE

15. Consolidated Rail Corporation did not exist prior to April 1, 1976.

16. Accordingly, all sections of Plaintiff's Complaint seeking recovery for incidents which occurred prior to April 1, 1976, fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

## EIGHTH DEFENSE

17. Plaintiff's Complaint, as to these Defendants,

fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Plaintiff has failed to state a claim upon which relief can be granted.

### NINTH DEFENSE

18. Venue of the instant action is improper in that Plaintiff resides in and/or Plaintiff's alleged cause of action arose in a County and/or State other than Eastern District of Pennsylvania, and hence, this cause of action should be dismissed.

### TENTH DEFENSE

19. This Court lacks jurisdiction of the person of Defendants, pursuant to 45 U.S.C. §56, in that Plaintiff's cause of action did not arise in the within jurisdiction; Defendant(s) do not reside within the instant jurisdiction; and Defendant(s) are not and were not doing business within the instant jurisdiction at the time this action was commenced.

WHEREFORE, Defendants, Consolidated Rail Corporation and Norfolk Southern Railway Company, demands that Plaintiff's action be dismissed, and that they be permitted to recover the costs of defending this action.

JURY TRIAL DEMANDED.          Respectfully submitted,

                              BURNS, WHITE & HICKTON

```
By_____
  Michael W. Burns, Esq.
  Pa. ID#15795
  Attorney for Defendants,
  Consolidated Rail Corporation
  Norfolk Southern Railway
  Company
  120 Fifth Avenue - Suite 2400
  Pittsburgh, Pa.  15222-3001
  (412) 394-2500
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25TH day of September 2002, a copy of the within was served on all counsel of record, via first class mail:

>Joseph J. Cappelli, Esq.
>Six Tower Bridge
>Suite 550
>181 Washington Street
>Conshohocken, PA  19428

By_____
   Michael W. Burns, Esquire
   Attorney for Defendants
   Consolidated Rail Corporation
   Norfolk Southern Railway Company